Donald S. Taylor, J.
On January 25, 1957 a certificate of incorporation of a membership corporation, which had been approved theretofore by a Justice of the Supreme Court in the manner required by statute, was tendered the respondent for filing. He refused to file the certificate solely on the ground that it did not have indorsed upon it the consent of the Commissioner of Education of the State of New York as required by subdivision 2 of section 11 of the Membership Corporations Law.
The petitioner, one of its incorporators, has instituted this proceeding pursuant to article 78 of the Civil Practice Act for an order directing the respondent to accept and file the proffered certificate. The respondent moves for an order pursuant to section 1293 of the Civil Practice Act dismissing the petition as a matter of law on the ground that it does not state facts sufficient to entitle the petitioner to the relief demanded.
Subdivision 2 of section 11 (supra) states: “If the certificate of incorporation specify a purpose for which a corporation may be chartered by the regents of the university, the consent of the commissioner of education to such filing shall be endorsed thereon.”
*323 Section 216 of the Education Law provides that the Regents ‘1 may * * * incorporate any university, college, academy, library, museum, or other institution or association for the promotion of science, literature, art, history or other department of knowledge, or of education in any way, associations of teachers, students, graduates of educational institutions, and other associations whose approved purposes are, in whole or in part, of educational or cultural value deemed worthy of recognition and encouragement by the university ” and that “No institution or association which might be incorporated by the regents under this chapter shall, without their consent, be incorporated under any other general law.” (Emphasis supplied.)
The opinion of the Attorney-General of the State which the respondent sought and upon which he ultimately relied in refusing the certificate for filing states: “ The purposes of the proposed corporation, as set forth in the certificate, are, in summary, to investigate the present educational system; to disseminate information thereon and as to the needs of and improvement therein; to stimulate public interest in the educational system and activity in securing its improvement.” It then quotes the relevant parts of the applicable statutes and concludes: “As described in the certificate of incorporation, the purpose of the proposed corporation is the betterment of the educational system by the methods or ‘ ways ’ set forth in the certificate. In my opinion this constitutes the ‘ promotion ’ of ‘ education \”
The purposes enumerated in the instant certificate and accurately summarized by the Attorney-General comprehend political or civic action designed essentially to improve the education system of the State in its administrative as distinct from its curricular or academic aspects. Such objectives within the contemplation of the Legislature would constitute no basis for incorporation by the Board of Regents. The petition is sufficient to entitle petitioner to the relief which she seeks. Accordingly, the motion to dismiss it is denied with leave to the respondent to answer the petition within 10 days after service of a copy of the order to be entered hereon with notice of entry thereof on his attorney. (Civ. Prac. Act, § 1293; Matter of Friedman v. Roseth Corp., 271 App. Div. 870.)
Submit order.